**Glenn C. SMITH, Plaintiff-Appellant,**

v.

**Angela C. DEMPSEY, Defendant-Appellee.**

No. 16-16522

**Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(May 31, 2017)

Glenn C. Smith, Pro Se

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Glenn Smith, a Florida prisoner proceeding pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 claim for lack of subject matter jurisdiction based on the Rooker-Feldman doctrine. Smith's complaint asserts a claim for declaratory relief against Florida judge Angela Dempsey, who dismissed his pro se state court action in 2015 based on a 2008 state court order prohibiting him from proceeding pro se in future lawsuits. In his district court complaint, Smith seeks a declaration that Judge Dempsey's dismissal of his lawsuit was erroneous because the 2008 state court order violated his constitutional right of access to courts and cannot be enforced.

"We review de novo a district court's decision that the Rooker-Feldman doctrine deprives it of subject matter jurisdiction." Doe v. Fla. Bar, 630 F.3d 1336, 1340 (11th Cir. 2011). The Rooker-Feldman doctrine, derived from Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), "is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." Alvarez v. Att'y Gen. for Fla., 679 F.3d 1257, 1262 (11th Cir. 2012). The doctrine is confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. (quotation marks omitted).

The Rooker-Feldman doctrine applies to Smith's claim and precludes the district court (and our Court) from exercising jurisdiction over it. Smith is effectively asking the district court to declare the 2008 order, which prohibited him from filing lawsuits pro se, an unconstitutional restraint on his access to courts, and to declare that Judge Dempsey's 2015 dismissal of his lawsuit erroneously relied on that unconstitutional 2008 court order. In other words, the claim Smith asserts is brought by a state-court loser complaining about injuries caused by two state-court judgments, and Smith seeks federal review and rejection of those orders. The district court did not have subject matter jurisdiction over that claim. As a result, dismissal of Smith's complaint was proper.

**AFFIRMED.**